*822 OPINION.
Lansdon:
The petitioner has proved that it acquired nine drivers’ routes with 1,800 weekly patrons, each paying not less than 50 cents per week for laundry. Several witnesses, who qualified as laundry operators and as having knowledge of the cash value of “ inside laundry ” routes, testified that the fair market value of such routes is at least $20 for each dollar of weekly receipts. The Commissioner contends that the petitioner acquired no good will, and relies on the fact that, at the date of incorporation, the predecessor was not making very much money, and that there is no basis for determining the value of intangibles by applying a formula for capitalizing net earnings in excess of a fair return on tangibles used in the business.
We have repeatedly held that the capitalization of earnings in excess of some fixed return on tangibles is only one of several methods that may be used to ascertain the value of intangible assets. The lists of customers and drivers’ routes of a laundry correspond very closely to the circulation structure of a newspaper which we have held is intangible property, the value of which, when proven, should be included in the computation of statutory invested capital. Appeal of Herald-Despatch Co., 4 B. T. A. 1096.
We are of the opinion that the petitioner acquired good will in exchange for shares of its capital stock at date of incorporation of the value of $18,000, and that this amount, subject to the limitations *823 of section 826(a) (4) of the Revenue Act of 1918, should be included in the computation of its statutory invested capital for the years 1919, 1920, and 1921. Appeal of Metropolitan Laundry Co., 2 B. T. A. 1062.

Jkidgment will be entered on 20 days’ notice, under Rule SO.